UNITED STATES, Appellee

v

FRED KAY JOHNSON, JR., Electronics Technician Third Class,
U. S. Coast Guard, Appellant

No. 27,739

June 21, 1974

*Lieutenant Nesbit C. Lofton,* USCG, argued the cause for Appellee, United States.

*Lieutenant Gerald A. McGill,* USCG, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant James B. Ellis, II,* USCG. *Eugene R. Fidell, Esquire, David F. Addlestone, Esquire,* and *Melvin Wulf, Esquire* filed brief for Lawyers Military Defense Committee of the American Civil Liberties Foundation, as *amicus curiae.*

## OPINION OF THE COURT

DUNCAN, Chief Judge:

This case is before us on a certificate for review of the General Counsel, Department of Transportation, which questions whether the Court of Military Review was correct in determining that the Coast Guard was not required to ascertain the availability of requested individual military counsel from another armed force.

At his trial before a Coast Guard special court-martial without members, the accused was convicted of various offenses involving the wrongful sale of marihuana and hashish and the wrongful distribution of LSD, and he stands sentenced to a suspended bad-conduct discharge, confinement at hard labor for 4 months, partial forfeitures, and reduction to seaman recruit.

Prior to his trial, the accused through his detailed Coast Guard defense counsel requested the services as individual military counsel of Captain James S. Ches-

lock, JAGC, U. S. Army, or, if he was unavailable, Captain Gerald A. Coppenrath, JAGC, U. S. Army. The accused's convening authority, Commanding Officer, U. S. Coast Guard Training Center, Governor's Island, New York, declined to forward the accused's request to Fort Monmouth, New Jersey, where the Army lawyers were assigned, or even to inquire as to their availability, since he interpreted Article 38(b), Uniform Code of Military Justice, 10 USC § 838(b), and paragraph 48*b,* Manual for Courts-Martial, United' States, 1969 (Rev), "to permit request of U. S. Coast Guard military lawyers only as individual counsel."

At trial, when the military judge was inquiring into the accused's understanding of his rights to counsel, the following colloquy occurred:

MJ: Electronics Technician JOHNSON, you have the right to be defended at this trial by a civilian lawyer provided by you at no expense to the Government, in addition to your

detailed defense counsel. Do you understand this right?

ACCUSED: Yes, sir.

MJ: You also have the right to be defended at this trial by a military lawyer of your own specific choice, free of charge, that is at no expense to you, if he is reasonably available, in addition to the detailed defense counsel, who in this case is Lieutenant LANE. Do you understand this right?

ACCUSED: Yes, sir.

MJ: Do you have a statement you want to make at this time, Mr. LANE?

DC: Yes, Your Honor, I have. I would like to have appended to the record, a request made by me on behalf of the defendant to the convening authority, requesting individual military counsel from the United States Army. Also, I would like to have appended to the record, a reply from the convening authority to me indicating that it would not be forwarded to the United States Army.

MJ: As I understand your position on this matter, you feel that if there be error here, it's jurisdictional and, therefore, by not continuing to assert it at this time you are waiving nothing. Is that correct?

DC: That's right.

MJ: Very well, on that basis I accept it. These documents may be attached as appellate exhibits in appropriate order.

DC: Do you wish to see them?

MJ: I don't think it's necessary unless there is an issue that they don't represent what you purport them to be.

DC: No, sir. (Hands to reporter.)

MJ: JOHNSON, if you choose to elect the right that I have informed you of, that is to be defended by a civilian lawyer or a military lawyer of your choice, your detailed defense counsel, Lieutenant LANE, will act as associate counsel if you wish or he may be excused with your consent. Do you understand?

ACCUSED: Yes, sir.

MJ: Do you wish to exercise your right to obtain an individual civilian lawyer, or to obtain a particular individual military lawyer of your choice?

ACCUSED: Yes, sir.

MJ: Are you satisfied to proceed in accordance with your choice—by whom will the accused be defended, let's put it that way?

IC: By myself, Your Honor—Barry Satlow, in association with Lieutenant LANE.

MJ: And would you state your bar admission, Mr. Satlow.

IC: I'm admitted to the courts of the State of New York, the United States Supreme Court, and the United States Court of Appeals for the 2nd Circuit.

MJ: Then is it my understanding from the statement that you wish Mr. LANE to continue on the defense team?

IC: We do, Your Honor.

MJ: Is that satisfactory to you JOHNSON?

ACCUSED: Yes, sir.

MJ: You're satisfied with your representation as it appears here today?

ACCUSED: Yes, sir. There is just one thing, I had hoped to have an Army counselor but that request was denied.

MJ: Yes, I understand that, but I understand that you are satisfied with the representation that you have here today. In other words, you are not dissatisfied with either of these lawyers?

ACCUSED: Only insofar as I was not allowed the attorney I wished to have, sir.

MJ: I understand that, but you're not dissatisfied—are you or are you not satisfied with the performance of the counsel that you have in the courtroom today?

ACCUSED: Yes, sir.

Thereafter, the trial by court-martial proceeded to conviction and sentence without further resolution of the matter of individual military counsel.

When the issue was raised before the U. S. Coast Guard Court of Military Review, a majority of that court held that the convening authority did not err by declining to forward the accused's request for Army lawyers to Fort Mon-

mouth for a determination of availability. The Court of Military Review construed Article 38, UCMJ, as limiting an accused to "the right to select a military counsel from the service to which he belonged." United States v Johnson, 47 CMR 885, 893 (CGCMR 1973). Additionally, because the accused was represented at trial by a civilian lawyer, the Court of Military Review held that the accused had exhausted his legal rights under Article 38(b), as defined in United States v Jordan, 22 USCMA 164, 46 CMR 164 (1973).

In dissent, Judge Maguire was of the opinion that the failure to process the accused's request for counsel invalidated the trial. He would find that a denial of a statutory right to counsel is jurisdictional error. He would also distinguish United States v Jordan, supra, on the basis that going to trial with a civilian lawyer does not cure the convening authority's outright refusal to act properly on a request for individual military counsel. Lastly, the dissent argues that the language of Article 38(b), UCMJ, is "clear and unambiguous," and when read in conjunction with Article 1's definition of "military," the conclusion is unmistakable that "an accused is entitled to request counsel from any of the armed forces." United States v Johnson, 47 CMR at 895. Resort to legislative history, much less the Manual for Courts-Martial, would be inappropriate to explain away an unambiguous statutory enactment, according to Judge Maguire.

We hold that the U. S. Coast Guard Court of Military Review erred in ruling that the Coast Guard is not required to ascertain the availability of requested individual military counsel from another armed force. Article 38(b), UCMJ, plainly, clearly, and unambiguously provides that an accused "has the right to be represented in his defense . . . by military counsel of his own selection if reasonably available." Any possible ambiguity latent in the word "military" is eliminated in Article 1, UCMJ, where it is provided that it "refers to any of all of the armed forces." We find no authority for this Court to interpret Article 38(b) by limiting the term "military counsel"

to mean military counsel of the accused's own armed force. "If the words used in the statute convey a clear and definite meaning, a court has no right to look for or to impose a different meaning." United States v Dickinson, 6 USCMA 438, 449, 20 CMR 154, 165 (1955). Accord, United States v Jenkins, 7 USCMA 261, 22 CMR 51 (1956). A perusal of supposedly contrary legislative history discloses but one remark indicating that Article 38(b) was intended to substantially perpetuate existing law. Hearings on H. R. 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong., 1st Session. 1022 (1949). However, since Article 38(b) refers to detailed and civilian counsel as well as individual military counsel, and since the extent of "existing law" was not explicated, we are unpersuaded that so great a limitation upon the right to counsel as a limitation to individual military counsel from the accused's own service was implicit in the legislation as enacted. Moreover, when Articles 17 and 25, UCMJ, 10 USC §§ 817 and 825, and the parallel provisions of the Manual respecting the appointment of court members, military judges, and trial counsel from other services are considered, we are loathe to interpret Article 38(b) in a way which would give an accused person no right to even request a military lawyer from another armed service. Consequently, when the accused herein requested the services of individual military counsel, under paragraph 48*b*, MCM, the convening authority was obligated "to forward the request for a determination of availability to the commanding officer or head of the organization, activity, or agency with which the requested counsel is on duty." The convening authority's failure to secure such a determination of availability was error, and the decision of the U. S. Coast Guard Court of Military Review to the contrary was incorrect.

Although errors concerning the accused's rights to counsel are not usually tested for prejudice, where an accused has in fact been represented at trial, as was the case below, by either civilian or individual military counsel, the minimum demands of Article 38(b), UCMJ,

150

have been complied with, and a rehearing is unwarranted. United States v Jordan, supra.

The certified question is answered in the negative, and the decision of the Court of Military Review as to the findings of guilty and sentence is affirmed.

Judge QUINN and Senior Judge FERGUSON concur.